UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NAKEYDA HAYMER,

            **Plaintiff,**

v.                                                       **Case No. 20-CV-1846**

RACINE FAMILY YMCA,

            **Defendant.**

---

## DECISION AND ORDER

Nakeyda Haymer worked briefly for the Racine Family YMCA. She was paid less than her male colleagues and fired soon after she complained to her boss that she thought it was illegal for him to bar her from working with boys in the YMCA's Credible Messenger program simply because she was a woman. *Nakeyda Haymer v. YMCA*, No. 20-CV-1846, 2022 U.S. Dist. LEXIS 110175 (E.D. Wis. June 22, 2022). A trial had been scheduled to begin on March 6, 2023 (ECF No. 43), but was recently adjourned until June due to the unexpected unavailability of the YMCA's Chief Operating Officer. (ECF No. 55.)

The YMCA filed three motions in limine. (ECF No. 45.) The first two are unopposed by Haymer, and therefore will be granted. (ECF No. 49 at 1.) As to the third,

the YMCA "seeks an order precluding any testimony relating to any medical assistance or counseling provided to the plaintiff." (ECF No. 45 at 3.) It argues that, because Haymer did not identify any expert witness, she cannot "attempt to introduce any testimony relating to any purported medical services or counseling services that she may have received subsequent to the termination of her employment by the Racine Family YMCA." (ECF No. 45 at 3.)

A plaintiff does not need an expert to prove that she received "medical services or counseling services." A lay person with first-hand knowledge can obviously testify as to the fact of treatment. Haymer would undoubtedly know if she had received treatment and can testify to that fact, provided it is relevant.

But the YMCA's motion goes further. It argues that, absent an expert, Haymer cannot introduce evidence regarding her ability to work. (ECF No. 45 at 4.) Diagnoses and prognoses are generally both subjects for expert testimony and, when provided through the patient rather than from the treating professional, hearsay. Insofar as the YMCA seeks to bar Haymer from offering her own opinion, or hearsay as to the opinions of her treatment providers, the motion will be granted.

Haymer, in response, interprets the YMCA's motion differently. She seems to interpret the motion as challenging her right to call her treatment providers as witnesses and have them offer their expert opinions. She notes that she identified her treatment providers in response to requests to admit, interrogatories, and in deposition testimony,

and provided releases to permit the YMCA to obtain all of her medical records. (ECF No. 49 at 1-3.) In her view, because these witnesses were treating providers and not retained experts, she was not required to have either provide an expert report. (ECF No. 49 at 3.)

Haymer is correct that, if an expert is not "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Fed. R. Civ. P. 26(a)(2)(B), the expert is not required to provide a report. But even if the expert is not required to provide a report, the proponent of the expert's testimony still must provide a disclosure that states "the subject matter on which the witness is expected to present evidence …" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Haymer does not allege that she complied with Fed. R. Civ. P. 26(a)(2)(C). Rather, she asserts that she merely identified the names of these treatment providers. That isn't enough. Accordingly, the YMCA's motion will be granted insofar as it seeks to bar any witness from testifying for Haymer as an expert or offering an expert opinion.

**IT IS THEREFORE ORDERED** that the YMCA's motions in limine are resolved as follows. Motions I and II are granted as unopposed. Motion III is granted in part. It is granted with respect to the YMCA's motion to bar Haymer from calling any expert or permitting any witness to offer an expert opinion. It is denied insofar the defendant seeks

to bar Haymer from introducing lay testimony as to the fact of any medical treatment she received or billing records associated with such treatment.

Dated at Milwaukee, Wisconsin this 10th day of February, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge